## SUPREME COURT.

### PERRY H. EWING agt. JOHN H. JOHNSON.

Where the defendant, for a valuable considerction, sold to the plaintiff, all his stock in trade, fixtures, boxes, horses, wagons, &c., and all the right, interest, privileges and advantages acquired and possessed by him for the prosecution and continuance of the business of pedling and selling o certain kind of tobacco, &c., upon a certain described route, embracing the cities of Albany and Schenectady, and villages of Greenbush, &c.; and covenanted and agreed that he would not in any manner interfere with, hinder or obstruct the plaintiff in the prosecution of his said pedling business in the district, or over the route, at or about the places mentioned, and that he would not do or say anything to his old customers to discourage or hinder the plaintiff in the said business:

*Held*, that it was a violation of this agreement, for which an *injunction* would lie, where the defendant started the same business of pedling and selling tobacco, &c., in the same district and vicinity; although he acted as *agent*, and sold *other tobacco* besides that which the plaintiff sold. Neither as *principal or agent*, had the defendant a right to interfere with or to obstruct the plaintiff in the prosecution of the business he had transferred to him.

Such an agreement is not void as being in restraint of trade, as the restraint is not unreasonable, applied to such a district or territory.

Where there is a conflict of evidence upon the fact whether the *original injunction order* was shown to the defendant at the time of the service of a copy of it, and there being a probability that the defendant was mistaken as to that fact, and he having full notice of all the proceedings, the service will be held sufficient.

*Albany Special Term, March,* 1864.

MOTION by defendant to dissolve injunction, and motion by plaintiff for an attachment against the defendant for the violation of an injunction order issued in the above entitled action, by Hon. GEORGE WOLFORD, county judge of Albany county, November 21, 1863, restraining the defendant, his attorneys, &c., and commanding them to desist and refrain from pedling, selling, or offering to sell, tobacco in papers or packages, in large or small quantities, whether prepared for smoking or chewing, in the cities of Albany and Schenectady, and in the villages of Greenbush, &c.; the whole constituting the tobacco route sold and transferred to the plaintiff by the defendant, by an agreement in writing executed by the defendant, and bearing date July 31, 1862; and from selling, or offering to sell such tobacco to any of the tobacco dealers

or former customers of the defendant, &c., upon said route; and from in any manner interfering with, hindering or obstructing the plaintiff in the prosecution of his business of pedling and selling E. Goodwin & Brothers' tobacco in said places, and upon said route.

The motions were heard together.

C. B. COCHRANE, *for plaintiff.*

L. TREMAIN, *for defendant.*

MILLER, J.   The defendant, by an arrangement with E. Goodwin & Brothers, was supplied with their tobacco, which he was to sell within the limits provided in the injunction order issued in this cause.   The plaintiff alleges that the defendant was to establish a route and exclusively occupy it, within the limits aforesaid, for pedling said tobacco, and that he did so establish and occupy said route, which was well known and defined, and had secured upon the same, and the places adjacent thereto, a large number of regular and profitable customers, whom he was in the habit of constantly and exclusively supplying with said tobacco, and had acquired the good will of said route, &c., which was of great value.

Although some of the foregoing allegations are denied by the defendant, yet I think they are substantially established by the affidavits in the case.

It also appears, and is not denied, that the defendant proposing to sell said route and the good will thereof, with his stock in trade, fixtures, boxes, horses, wagons, &c., with the advice and consent of Goodwin & Brothers, made and entered into an agreement in writing, reciting that he was engaged in the business of pedling and selling tobacco, &c., upon said route, and had obtained exclusive rights and privileges respecting the sale thereof upon said route to the dealers at or near the places named, and in consideration of one dollar, did sell, assign and convey to the plaintiff, all the right, interest, privileges and advantages, acquired and possessed

by him, for the prosecution and continuance of the said busi-
ness, at the said places and upon the route above mentioned,
together with all the good will of his said business.    And
the defendant covenanted and agreed that he would not in
any manner interfere with, hinder or obstruct the plaintiff in
the prosecution of his said pedling business in the district or
over the route, at or about the places mentioned, and that he
would not do or say anything to his old customers to dis-
courage or hinder the plaintiff in the said business.

It is conceded that since the injunction was issued and
served upon the defendant, that the defendant has been
engaged in pedling and selling tobacco upon the route in
question, and that he was employed by one Watts, for that
purpose, receiving a compensation from him.    There is some
similarity in the packages sold by the defendant and those
manufactured by Goodwin & Co., which might deceive a
person who failed to make a critical examination.

From the defendant's familiarity with the route in question,
his acquaintance with the customers upon it, and other cir-
cumstances, it is by no means difficult to perceive that serious
injury might be inflicted upon the plaintiff, and his rights
very much prejudiced by the defendant's conduct.

The defendant had not only sold his interest and the priv-
ileges and advantages acquired for the posecution of the
business, but his good will in the concern, and agreed not to
interfere with, hinder or obstruct the plaintiff in its prosecu-
tion.

Here is a direct interference on the part of the defendant,
which could not fail seriously to affect the plaintiff's interests.
It was an infringement upon the privileges and advantages he
had sold to the plaintiff, which was calculated to impair the
business of the plaintiff to a great extent, and if extensively pur-
sued, might utterly deprive him of the benefits to be derived
from such a contract; with the facilities acquired by a long
experience upon the route in question, the defendant might,
without much difficulty, entirely destroy the advantages he

had transferred. It was certainly a violation of that part of the contract which transferred the good will of the business, as it showed a determination to build up another business at the expense of the plaintiff.

It would be a violation of such a contract, when a person had sold out his interest and good will in a business, and covenanted not to engage in the same business, if he started it again in the same vicinity. Such was really the case here. It makes no difference that he acted as agent; and sold other tobacco besides that of Goodwin & Brothers. Neither as principal or agent, had he a right to interfere with or to obstruct the plaintiff in the prosecution of the business he had transferred to him. And if the sale of other tobacco did this, as is quite evident, then the conduct of the defendant was clearly a violation of the contract, and unless there are some legal obstacles in the way of sustaining the injunction, the plaintiff is entitled to the usual remedies in such cases.

Various objections are made to the injunction order itself, as well as to the application for an attachment; the most important of which I will proceed to consider so far as may be essential for a proper disposition of the motions before the court. It is urged that the agreement is void as restraining trade in too extensive a territory. I incline to think that the restraint is not unreasonable, and that it can be upheld within the principle of adjudicated cases. (See *Noble* agt. *Bates*, 7 *Cow.* 307; *Chappel* agt. *Brockway*, 21 *Wend.* 157; *Dunlop* agt. *Gregory*, 10 *N. Y.*; 6 *Seld.* 241; *Holbrook* agt. *Waters*, 9 *How.* 335, *and authorities there cited*; *Mott* agt. *Mott*, 11 *Barb.* 127; *Niver* agt. *Rossman*, 18 *Id.* 50.)

I am also of the opinion that a sufficient consideration existed for the execution of the agreement. The plaintiff purchased personal property and stock in trade of the defendant, for a valuable consideration, which was entirely adequate for the purchase made.

The allegation made, that the plaintiff has not been able to accommodate the dealers upon the route, is not fully sus-

tained, and, I think, adequately met by the affidavits of the plaintiff, showing the reason of a failure to do so on the occasions alleged.

It is further urged that the injunction order in this cause was properly served, as the original order was not shown to the defendant at the time of its service. There is a contradiction in the affidavits upon the point whether the original order was shown to the defendant, although it appears that a copy was served.

. It was formerly held that if the defendant or his attorney was present in court when the motion for an order of injunction was made, the defendant would be liable for a contempt. (2 *Mad. Ch. Pr.* 225.) See also *Morrison* agt. *Brown* (4 *Paige*, 405), where it was held that a party is in contempt for not obeying an order served upon his solicitor, whose knowledge of such service was brought home to him, in the same manner as if the order had been served on him personally.

There are one or two recent cases which appear to look the other way (4 *Sandf.* 639 ; 8 *How.* 68), but the question was not distinctly raised upon a motion for an attachment for an alleged contempt; and with a strong probability that the defendant may be mistaken in reference to the order being shown to him, as he had full notice of all the proceedings, I am inclined to hold that the service was sufficient. The other points presented by the defendant are not available.

The motion to dissolve the injunction must be denied, with ten dollars costs of opposing the same, and there must be an order of reference to ascertain and report the amount of damages sustained by the plaintiff by reason of defendant's violation of the injunction order.