## WEBSTER *v.* WILLIAMS.

### Opinion delivered February 22, 1896.

CONTRACT IN RESTRAINT OF TRADE—VALIDITY.—A contract by a physician and surgeon to permanently retire from practice in a given city or its vicinity is not unreasonable nor void as against public policy.

CONTRACT—CONSIDERATION.—The adequacy of the consideration for an agreement to retire permanently from the practice of medicine and surgery in a given place will not be inquired into where it appears that there was a valid or legal consderation.

Appeal from Miller Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

*J. D. Cook*, for appellants.

1st. Is such a contract as this, entered into between plaintiff and defendant, such a one as would stand or fall, when the rule of public policy is applied to test its validity?

2d. If such contracts as a class will be upheld as not against public policy, is the contract sought to be enforced sufficiently strong to bind the parties to the same?

We understand the law to be well settled that such cantract will be upheld and enforced in equity, and any breach thereof will be restrained by injunction. 20 Md. 224; 35 Conn. 543; 28 N. J. Eq. 151; 11 Ind. 70; 80 Ind. 260; 16 Vt. 176; 14 Allen (Mass.), 211; 6 Brad. (Ill.) 60; 47 Conn. 175; 6 Ind. 200; 75 Ind. 451; 34 How. Pr. (N. Y.), 202; 36 N. J. Eq. 40; 56 Ga. 504; 27 Mich. 15; 32 Mich. 462; 44 Penn. St. 458; 78 Penn. St. 296; 53 Penn. St. 467. Cases in point where physicians have sold their good will and agreed not to practice in certain localities, and contracts have been upheld. 16 Vt. 176; 67 Ill. 75; 30 Ga. 413; 32 Mich. 462; 113 Mass. 175; 55

Iowa, 144; 41 Wend. (N. Y.), 468; 6 Hun (N. Y.), 374; 45 Ga. 319.   One who agrees not to practice as a physician in a certain city and vicinity is properly enjoined from practicing within ten miles of the city limits.   52 Mich. 34; 50 Am. Rep. 240; 39 Am. L. Reg. 50.

When the provisions of a written contract are apparently conflicting or ambiguous, parol evidence is admissible to explain the agreement, the circumstances surrounding the parties at the time of its execution, and the subsequent conduct of the parties acting under it, as a means of correctly construing the language of the instrument.   52 Ark. 65; 52 Ark. 95.   Whenever, in construing the validity of a contract, its legality is doubtful, the court will, if possible, uphold it as a matter of public policy.   46 Ark. 129.   When there is a valuable consideration for a contract paid, its adequacy cannot be questioned.   33 Ark. 67.   If the contract be reasonable when made, subsequent circumstances, such as the covenantee's ceasing to do business, so as to no longer need its protection, do not affect its operation.   47 Conn. 175; 49 L. J., N. S. 335; 33 W. R. 18; 7 Atl. Rep. (N. J.) 37.

*Scott & Jones* and *W. H. Arnold* for appellee.

1.   Such contracts as this, in restraint of trade, are void as against public policy.   31 Am. Dec. 119; 20 Wall. 67.   This contract restrains the industrial freedom of appellee, in which the restriction is limited neither as to time or space, and is therefore unreasonable and void.   63 Am. Dec. 380; 2 Oh. St. 519; 3 *id.* 274; 102 Mass. 480; 40 Cal. 251; 16 M. W. 652.

2.   There is no positive agreement to retire *permanently* from practice *in Texarkana.*   He agreed to retire from *practice,* without any limitation as to place or length of time.   It is more monstrous than the one referred to in 91 Am. Dec. 221.

3.   Contracts in restraint of trade are strictly construed.   Nothing can be supplied by intendment.   55

Iowa, 144. And cannot be enlarged by construction. 80 Ind. 260. For illustration of contracts in restraint of trade, whether general or partial, which have been held void, and of the rule that a limited restraint *may be* good when reasonable, etc., see 40 Cal. 251; 6 Am. Rep. 357; 36 Cal. 357; 45 *id.* 152; 13 Am. Rep. 172; 7 Atl. 37; 68 Pa. St. 185; 43 Am. Dec. 93; 56 *id.* 164; 21 Wend. 168; 19 N. J. Eq. 547; 7 Bing. 735; 91 Am. Dec. 221; 17 Vesey, 335; 8 Gill & J. 150; 66 Ill. 452; 12 Am. Rep. 390.

4. Appellee has in nowise injured or interfered with the business of appellants. There is no necessity for an injunction, and it is not granted except in clear cases. 78 Pa. St. 196; High on Inj. (3 ed.) sec. 1178; 33 Mich. 331.

5. By suing for the penalty of the bond and damages, and at the same time praying equitable relief, appellants are prosecuting two inconsistent remedies. They cannot have both. High on Inj. (3 ed.) sec. 1182; 51 Ind. 365.

WOOD, J. This suit was to enjoin appellee from the practice of medicine and surgery in the city of Texarkana and vicinity, under a contract which, omitting unnecessary parts, is as follows: "I agree to move my office and establish myself in the said Medical and Surgical Institute at once, and remain in active connection and practice therewith in any and every thing that pertains to my profession, so long as I remain or continue to reside in Texarkana or the immediate vicinity. I also agree that I will withdraw and retire from the practice of my profession during the month of January, 1892, and, to the extent of my ability, use every reasonable effort and honorable means to introduce and establish the said doctors, H. R. Webster, M. D., and C. A. Reed, M. D., or either of them, as my successor among my clientage. I also agree to recommend them for appointment as ex-

aminers for the life insurance companies for whom I am
now acting as medical examiner. In short, I have de-
cided to permanently withdraw and retire from the
practice of medicine in Texarkana and vicinity, and it is
my intention and desire to introduce and establish the
above named doctors, Webster and Reed, as my succes-
sors to my practice and good will among my clientage;
and, to that end, I have promised and agreed that I will
use all lawful and honorable means and efforts at my
command. Now, upon the faithful performance of all
the stipulations and agreements above recited, this bond
and obligation shall become null and void; otherwise to
remain in full force and effect.

    [Signed.]               D. S. WILLIAMS."

The bond referred to as part of the contract was in
the sum of $1,000. The consideration for the above
contract, as specified therein, was two hundred and fifty
dollars paid by the said Drs. Webster and Reed to the
said Dr. D. S. Williams, "for his good will, influence
and retirement from practice." This contract was
entered into on the 3d day of October, 1891. After-
wards, on the 20th day of February, 1892, the parties
agreed in writing to extend the time for the retirement
to commence from January, 1892, till 1st day of July,
1892.

Appellants allege that appellee, in violation of this
contract, has re-entered, after retirement for a time,
upon the practice of medicine and surgery in the city of
Texarkana and vicinity, and they contend that his con-
tract bound him to retire permanently. Appellee, on
the other hand, while admitting the execution of the
contract, and that it required him to retire for a time,
yet contends that it did not bind him to retire perma-
nently, but only for a reasonable length of time, and
"that it was understood and agreed that he should
resume practice in January, 1893, should he desire, and

that he (appellee) had fully complied with the terms of his contract by having retired from the practice for a year.

The first question is:   Did the contract bind appellee to retire permanently from the practice of medicine and surgery in Texarkana and vicinity?   Second.   If such was the contract, was it against public policy, unreasonable, and therefore void?

1.   We find the following clause in the contract: "In short, I have decided to permanently withdraw and retire from the practice of medicine in Texarkana and vicinity, and it is my intention to introduce and establish the above named Drs. Webster and Reed as my successors to my practice and good will among my clientage." Appellants both testified that appellee "*agreed to permanently retire from the practice in Texarkana and vicinity.*"   Another witness testified that he had heard appellee say, soon after the contract was made, that he (appellee) "had contracted to permanently retire from the practice."   Appellee testified that it "was understood and agreed that he should only retire from the practice for six or twelve months; that he did not agree to retire permanently from the practice in Texarkana and vicinity."   The clause of the contract quoted *supra*, in connection with the testimony of appellants and the other witness on their behalf, makes a decided preponderance in favor of their contention.

2.   Was the contract void?   Contracts in restraint of trade are either general or partial.   Where the contract is unlimited as to space, it is general; where it is limited as to space, it is partial, although it may be unlimited as to time.   Clark, Cont. p. 447.   Contracts in partial restraint of trade, if they are reasonable and founded upon a legal consideration, will be enforced. Clark, Cont. p. 454; Metcalf on Cont. p. 232; Bish. Cont. sec. 516; *Mandeville* v. *Harman*, 7 Atl. 37; Whart.

*Validity of contract in restraint of trade.*

Cont. sec. 431; Chitty on Cont. 984; Smith on Cont. 206-7; *Mitchel* v. *Reynolds*, 1 P. Wms. 181; *Taylor* v. *Blanchard*, 90 Am. Dec. 203; *Dunlop* v. *Gregory*, 61 Am. Dec. 746.

The question as to whether such contracts are reasonable or not is one of law, and the true test to be applied by the court in determining this question is "to consider whether the restraint is such only as to afford a fair protection to the interest of the party in favor of whom it is given, and not so large as to interfere with the interest of the public." *Brewer* v. *Marshall*, 19 N. J. Eq. 547; *Horner* v. *Graves*, 7 Bing. 735; *Mallan* v. *May*, 11 M. & W. 653; Chitty, Cont. p. 985, and note; 2 Keener, Cont. 827; *Beard* v. *Dennis*, 63 Am. Dec. 380.

In passing on the reasonableness of a contract in restraint of trade, the court should have due regard for its subject-matter, and the situation of the parties, the limitations as to space, and all the circumstances which will enable the court to determine what is a proper protection for the covenantee in such a contract. Clark, Cont. 452; *Badische etc. Fabrik* v. *Schott*, [1892] 3 Ch. Div. 447.

The Supreme Court of New Jersey, in *Mandeville* v. *Harman*, in refusing an injunction upon a contract between two physicians, similar to the one under consideration, said that contracts so extensive in duration were of doubtful validity, for the reason that professional skill, experience and reputation were things which could not be bought or sold; were not, in other words, a right, property, or interest called the "good will" of a trade or business, but were so purely personal that, when the person ceased to exist, they also ceased, and that, after the death of the person, such things could have neither an intrinsic nor market value. The court, however, while strongly intimating that such contracts were void, did not so decide; but simply refused the application upon

the ground that the "complainant was not in a position to ask for a *preliminary injunction* when the right on which he founded his claim was as a matter of law unsettled." This is the only case we have been able to find which expresses even a doubt as to the validity of a contract of the kind under consideration, and it could hardly be considered an authority for such a position; since it put its ruling, not upon the ground that the contract was void, but that it had not been determined in that state that such contracts were good. On the contrary, we find numerous authorities, English and American, which maintain the validity of such contracts, and enforce same by injunction. The supreme court of Rhode Island, for instance, in an exactly similar case in principle, after reviewing the English cases, said: "The reason is as valid in the case of a profession as of a trade, for whether, technically speaking, there be any good will attending a profession or not, the professional practice itself would probably sell for more with the restraining contract, if the restraint were unlimited in duration, than it would if the restraint were for the life of the promisee or covenantee only. If the complainant here wished to retire from his practice, and sell it, he could probably sell it for more, if he could secure the purchaser from competition with the defendant forever, than he could, if he could only secure him from such competition during his own life." *French* v. *Parker*, 16 R. I. 219, and cases cited.

One of the most recent deliverances upon this question is from the Supreme Court of Indiana, where, in speaking of a contract similar to the one at bar, the court said: "It is conceded by the appellee that the express stipulation of the contract required him to retire from the practice at Spencer. But he thinks a good-faith retirement for a year and a half was a sufficient compliance with that stipulation. * * * * The

plain meaning and import of that is that the appellee agrees not to engage in practice in that field without limitation as to time. The want of such definite limitation is no objection to such a contract. * * * The stipulation here means that the appellee will not practice his profession in the territory named. Such contracts have been uniformly enforced by injunction." *Beatty* v. *Coble*, 41 C. L. J., 494. In this latter case the stipulation was: "I hereby agree that I will retire from the practice of medicine and surgery at Spencer, Indiana." Nothing said about a *permanent* retirement. But in the case at bar there is a recital that the appellee has made up his mind to "permanently withdraw and retire from the practice of medicine in Texarkana and vicinity." So the case in hand is even stronger in support of the doctrine announced than the Indiana case. See numerous authorities cited in note to *Beatty* v. *Coble*, *supra;* also the following: 1 Wharton, Cont. sec. 433, note 2; *Linn* v. *Sigsbee*, 67 Ill. 75; *Dwight* v. *Hamilton*, 113 Mass. 175; 2 Benj. Sales, sec. 679, 691; 2 Add. Cont. p. 1153, note u; *Bunn* v. *Guy*, 4 East, 190; Greenhood, Pub. Pol. p. 713, 723–38; *McClurg's Appeal*, 58 Pa. St. 51; *Ewing* v. *Johnson*, 34 How. Pr. 202; *Hubbard* v. *Miller*, 27 Mich. 15; *Holmes* v. *Martin*, 10 Ga. 503; *Harkinson's Appeal*, 78 Pa. St. 196; *Angier* v. *Webber*, 14 Allen, 211. Some of the above cases also

Adequacy of consideration. settle the proposition that the adequacy of consideration will not be inquired into when it appears that there was a valuable or legal consideration. No question of fraud or mistake is involved.

It follows that the contract in this case was reasonable, and that complainant's bill was sufficient to entitle them to a perpetual injunction. Reversed and remanded, with directions to enter a decree in accordance with this opinion.