## KIMBRO v. WELLS.

### Opinion delivered March 16, 1914.

1. CONTRACTS—AGREEMENT NOT TO ENGAGE IN BUSINESS—VALIDITY.— Where A. purchased B.'s lumber business, and B. agreed not to establish a lumber yard in the town, and the agreement was a reasonable one and not injurious to the public, the contract will not be held void as being in restraint of trade. (Page 130.)

2. CONTRACTS—AGREEMENT NOT TO ENGAGE IN BUSINESS—VALIDITY.— Where B. sold his business and good will to A., agreeing not to engage in the same business in the same town, the contract does not violate the "anti-trust" law, when the purpose of the contract of sale was not to stifle competition, and where the vendor was not in any manner interested in the conduct of the business after the sale, so as to affect his interest as to the fixing of prices. (Page 130.)

3. EVIDENCE—WRITTEN CONTRACT—PAROL TESTIMONY TO VARY—LACK OF CONSIDERATION.—Where A. sold his business and good will to B., in an action by B. against A. for violation of an agreement not to enter into the same business in the same town, it is error to exclude oral testimony that the written contract was entered into after the deal was closed, and that there was no consideration to support A.'s promise to refrain from entering into the same business again, and it was error to refuse to instruct the jury on that phase of the case. (Page 130.)

4. DAMAGES—LIQUIDATED DAMAGES—STIPULATION FOR—REASONABLENESS. —The stipulation of a designated sum as liquidated damages for the breach of a contract, will be sustained, when, because of the status of the parties at the time the contract was entered into, the damages resulting from a breach were difficult of ascertainment, and when the uncertainty of the loss likely to arise made it reasonable for the parties to agree beforehand what the damages should be. (Page 133.)

Appeal from Drew Circuit Court; *J. C. Knox,* Special Judge; reversed.

STATEMENT BY THE COURT.

This suit was instituted on October 26, 1912, by George Wells against J. S. Kimbro to recover damages for an alleged breach of contract. Wells and Kimbro were competitors in business in the town of Monticello in Drew County, Arkansas, each owning and operating a lumber yard. It was thought by them that the town was too small for two lumber yards to be run at a profit, and negotiations were entered into between them looking to the purchase of the plant of one by the other. After some days spent in the negotiations, Wells purchased the business and plant of Kimbro, and on the 29th day of July, 1908, a written contract of purchase and sale was executed by them. By the terms of the contract, Kimbro sold to Wells the machinery used in operating his plant and leased to him the grounds and shed used by him as a lumber yard, and Wells agreed to pay therefor the sum of two thousand dollars. In addition he agreed to pay Kimbro for all the lumber and shingles on the yard, at the estimated price of $5,500, the exact amount and value of which was to be subsequently determined by checking up and measuring the same. Attached to this instrument is the following:

"As a supplement to and part of the contract of sale of my planing mill outfit and lumber to George Wells, this day made by me, it is agreed, contracted and understood that I shall not hereafter establish a lumber yard within the corporate limits of Monticello, Ark., or otherwise become interested in the sale of lumber at Monticello, Arkansas, in competition with said George Wells, and in case I should break this contract, then I promise and agree to pay to said George Wells, or his order, the sum of two and one-half dollars per day as liquidated damages for each and every day I so engage or become

interested in the sale of lumber in Monticello, either in person or by agent.

"J. S. Kimbro.

"July 29, 1908."

Kimbro owned and operated a sawmill several miles out in the country from the town of Monticello, and continued to operate it after the above writings were executed. Testimony was adduced by the plaintiff tending to show that after Kimbro had delivered his lumber yard and the lumber thereon to Wells he continued to have an office in the town of Monticello, where he received orders for lumber and delivered lumber, from his sawmill in the country to parties purchasing from him at his office, and that he received payment at his office for the lumber so sold and delivered; that at times he would have small quantities of lumber stacked around his office and in the yard at his dwelling house, which he sold and delivered to parties desiring to purchase the same. The case was tried before a jury, which returned a verdict for the plaintiff in the sum of three hundred dollars; and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Patrick Henry,* for appellant.

1. The contract was without consideration and void. 9 Cyc. 358. It was also void under the anti-trust law. 94 Ark. 476; 103 *Id.* 297.

2. The court erred in its construction of the contract. 105 Ark. 213; 15 Cyc. 247; 9 *Id.* 70, note 4; 101 Ark. 596; 61 *Id.* 502; 90 *Id.* 272; 105 Ark. 421; 17 Cyc. 669; 4 *Id.* 365; 1 Ark. 180.

3. The court erred in its instructions to the jury. No damages were proven and penalties are not enforced. 73 Ark. 436.

*Williamson & Williamson,* for appellee.

1. The contract was not without consideration. The recitals of consideration can not be contradicted by parol evidence. 90 Ark. 426; 108 Ark.: 357; 108 Ark. 430. The sale of a business is sufficient consideration for

a covenant restraining the vendor from the future exercise of his trade or profession. 64 Wash. 180, Ann. Cas. 1913, A. 289, note 293. A promise reduced to contract in pursuance of a previous understanding is binding, although executed after the consideration for the transaction has passed. 9 Cyc. 361, 362; 28 Ark. 391; 24 *Id.* 201; 48 *Id.* 415; 28 *Id.* 390; 56 Am. St. 650; 89 Ark. 248. The two contracts were only one. 89 Ark. 248; 90 Ark. 276; 70 *Id.* 238; 4 *Id.* 251-278; 18 *Id.* 65-76; 45 *Id.* 28; 26 *Id.* 249; 28 *Id.* 391; 49 *Id.* 324; 9 Cyc. 580-582.

2. The contract is not within the purview of the anti-trust law. 75 Ark. 312. This question was not raised below. 74 Ark. 557; 108 Ark. 503; 64 Ark. 305; 71 *Id.* 241; 76 *Id.* 88; 106 Ark. 525. The limitation was reasonable and hence valid. 91 Ark. 375; 94 *Id.* 462; 95 *Id.* 387; 62 *Id.* 101; 54 *Id.* 219; 48 *Id.* 138; 9 Cyc. 525 (c), 527-9; 16 A. & E. Ann. Cas. 254; 56 Am. St. 650, and note, p. 655; 54 *Id.* 177, note, p. 187; *Ib.* 733, note 740; 108 Am. St. 42, note 59.

3. It was for the court to construe the contract. 101 Ark. 353-356; 79 *Id.* 172; 105 *Id.* 469-478; 10 *Id.* 478; 78 *Id.* 574-577; 89 *Id.* 24-30; 89 *Id.* 239; 9 Cyc. 580-582; 91 U. S. 50; 71 Ark. 188.

4. It was error to admit oral evidence as to the intention of the parties. 78 Ark. 577; 78 *Id.* 335; 71 Ark. 188; 91 U. S. 50; 9 Cyc. 587-773; 104 Ark. 475; 94 *Id.* 130-133.

5. The court properly held $2.50 per day as liquidated damages in its charge. 14 Ark. 315, 319, 320; 56 *Id.* 504; 83 *Id.* 148; 87 *Id.* 545; 1 Suth. on Dam., § 283, 87 Ark. 552; 104 *Id.* 15; 83 *Id.* 364; 108 Am. St. 42, notes 59, 60. It was not a penalty. 87 Ark. 553; 13 Cyc. 97-G.

6. There is no error in the instructions. 78 Ark. 577; 54 *Id.* 219; 87 *Id.* 553.

HART, J., (after stating the facts). It is first contended by counsel for defendant that the contract was void, as being in restraint of trade; but we can not agree with him in this contention. In the case of the *Edgar Lumber Co.* v. *Cornie Stave Co.*, 95 Ark. 449, we held that

a contract in partial restraint of trade is valid when founded upon a valuable consideration, if the restraint is reasonable as between the parties and not injurious to the public by reason of its effect upon trade, and whether a restraint is reasonable depends upon whether it is such as affords fair protection only to the party in whose favor it is given and is not so large as to injure the public. Other cases announcing this rule are: *Hampton* v. *Caldwell*, 95 Ark. 387; *Fort Smith Light & Traction Co.* v. *Kelley*, 94 Ark. 461; *Webster* v. *Williams*, 62 Ark. 101; *Bloom* v. *Home Insurance Agency*, 91 Ark. 367.

It is next insisted by counsel for defendant that the contract under consideration was void, as being in violation of an act of the General Assembly of the State of Arkansas commonly known as the "anti-trust law;" but this contention of counsel has been decided adversely to him in the case of *Bloom* v. *Home Insurance Agency*, *supra*. The object and purpose of the contract under consideration was not to stifle competition but to sell and transfer a business and the good will of that business. After Kimbro sold out to Wells, he was not interested in any manner in the conduct of the business, and it made no difference to him whatever what price was fixed by Wells for the lumber sold by him.

It is next urged by counsel for defendant that the court erred in refusing to give instruction No. 7, asked by them, and also in excluding certain testimony offered by them on the question embraced in the instruction. Instruction No. 7 is as follows:

"If you believe from the evidence that the plaintiff purchased from the defendant his entire planing mill outfit and lumber on hand and entered into a written contract of the entire transaction, as plaintiff alleges was done in his complaint, and if you further believe that thereafter without any new or additional consideration the defendant signed and executed the obligation herein sued on, then the court tells you that such obligation was void and your verdict should be for the defendant."

The plaintiff stated that the two instruments were prepared and executed at the same time and as part of one transaction. It is the contention of counsel for plaintiff that because the two instruments were executed on the same day and related to the same subject matter, and because the latter refers to the former and expressly states that it is a part of the former instrument, the two instruments are, in legal contemplation, contemporaneous and should be construed as one contract. See *Vaugine* v. *Taylor,* 18 Ark. 85; *Mann* v. *Urquhart,* 89 Ark. 239; *Wood* v. *Kelsey,* 90 Ark. 272. The defendant admitted that the two instruments were executed on the same day, but stated that the second instrument was executed either a half hour or two hours after the first instrument was executed. This evidence was admitted. He also stated that the first instrument embraced all the matters that had been agreed upon by the parties up to the time of its execution and that the matters embraced in the second instrument were an after-thought on the part of the plaintiff and were not the subject of negotiation between the plaintiff and the defendant until after the first instrument had been signed by the parties. The court excluded this testimony on the ground that it tended to vary or contradict the written contract; but we think the court erred in this ruling. It is true, as we have already pointed out, that a person, in selling his business and good will at a certain place, may, as part of the consideration therefor, agree that he will not engage in the business again at that place, and that such contract is reasonable and enforceable, but, acording to the evidence of the defendant which was excluded by the court, the first instrument executed by the parties embraced all the matters that had been agreed upon by them up to the time of its execution. He stated, in effect, that at the time the first instrument was signed by the parties he had not agreed with the plaintiff that he would not begin another lumber business in the town of Monticello; that this agreement was made after the first contract had been signed by the parties and was a wholly inde-

pendent agreement. Therefore, counsel for defendant contend that the new agreement was without consideration and is not binding upon the parties.

We think they are correct in this contention. If the jury believed the testimony of the defendant, it is apparent that the two instruments were wholly independent and separate agreements and that there is no consideration between the parties to support the second agreement. The excluded testimony did not tend to contradict or vary the written instruments, 'but only tended to show that they were distinct and separate agreements; that they were not executed at one and the same time, but that the execution of the first agreement was completed before negotiations for matters embraced in the second agreement were entered into by the parties.

In the case of *Graham* v. *Remmel*, 76 Ark. 140, and other cases of like character, it was held that parol evidence tending to show that a written instrument was not delivered as a present contract but was left in the hands of the obligee on condition that it should not become a binding contract except in a certain contingency, was competent. The court said that evidence of such parol agreement would show that the contingency never happened, and would not be a contradiction of the writing. With equal force in the present case, it may be said that the excluded evidence tended to show that the two instruments were not executed at the same time as a part of one transaction, but that the matters embraced in the second instrument were not even the subject of negotiation between the parties when the first instrument was executed. We are, therefore, of the opinion that the excluded evidence did not tend to vary or contradict the writing. If we are correct in holding that the action of the court in excluding the testimony referred to was erroneous, the action of the court in refusing to give instruction No. 7, copied above, was also erroneous because no other instruction given by the court submitted the theory of the defendant to the jury.

It is next insisted by counsel for defendant that the
court erred in instructing the jury that the plaintiff's
measure of damages was the sum of $2.50 for each day
that the defendant engaged in the lumber business in the
town of Monticello after the execution of the contract
under consideration. No general rule exists in all cases
as to distinguishing a penalty from liquidated damages,
and each case must depend, to a great extent, upon its
own peculiar facts. The general rule is that where the
damages arising on a breach of a contract are uncertain
and difficult of ascertainment, a stipulation for the pay-
ment of a designated sum as liquidated damages, if rea-
sonable, will be sustained, and the question of whether
the damages are difficult of ascertainment is to be deter-
mined from a consideration of the status of the parties
at the time the contract was entered into and not at the
time it was broken. *Wait* v. *Stanton*, 104 Ark. 9; *Black-
wood* v. *Liebke*, 87 Ark. 545. Applying these principles
to the case under consideration, it is apparent that the
damages were the subject of estimate between the par-
ties. They realized that it would be a difficult matter
to prove the amount of damages which might be suffered
by a breach of the contract and that such proof would
entail considerable expense. It was impossible for the
parties to foresee the amount and extent of the injury
which might be sustained by the plaintiff if the defendant
again opened up a lumber yard in the town of Monticello.
They could foresee, however, that such a course on the
part of the defendant would seriously affect the business
of plaintiff, and the very uncertainty of the loss likely to
arise made it reasonable for the parties to agree before-
hand what the damages should be. The amount agreed
upon was not, when the situation of the parties and the
attending circumstances are considered, so unreasonable
that it should be considered as a penalty.

Finally, it is contended that the judgment should be
reversed because there is not sufficient testimony to war-
rant a jury in finding that the defendant again opened
up a lumber yard in the town of Monticello after the con-

tract sued on was executed. It will be noted that the contract sought to be enforced by the plaintiff provides that the defendant should not thereafter establish a lumber yard within the corporate limits of Monticello and should not become interested in the sale of lumber at Monticello in competition with the plaintiff. Testimony was introduced by the plaintiff tending to show that on numerous occasions after the contract was entered into the defendant sold and delivered lumber to persons in the town of Monticello; that he had an office in the town for that purpose, and had made and entered into contracts for the sale of lumber with parties in the town of Monticello and collected the money therefor; that he also, on some occasions, had lumber piled around his office and in his dwelling house yard, which he sold to persons in the town. From this the jury might have found that he had violated his contract with the plaintiff.

The plaintiff took a cross-appeal, and insists that under the undisputed evidence he should have judgment for a greater amount than that obtained by him. Inasmuch as the judgment must be reversed for the errors indicated in the opinion, it becomes unnecessary to consider this question. The testimony on this point may be different on a retrial of the case, and we do not express any opinion on the matter.

For the error in refusing to give instruction No. 7 and in excluding the testimony of the defendant, as stated in the opinion, the judgment must be reversed and the cause remanded for a new trial.

WOOD, J., being disqualified, did not participate.