## OGLETREE v. SMITH.

## Opinion delivered March 12, 1928.

1.  CONTRACTS—EVIDENCE.—In a suit to foreclose a mortgage on land in which defendants filed a cross-complaint for alleged breach of contract by one of the plaintiffs to build them a residence, the chancellor's finding that the contract was made with said plaintiff *held* contrary to the preponderance of the testimony, where the building contract introduced in evidence was not signed by such plaintiff, and the testimony did not show that he was in partnership with the contractor who signed it.

2.  PRINCIPAL AND AGENT—LIABILITY OF AGENT.—Even though plaintiff negotiated a building contract as agent for his brother, who signed the contract, the principal being disclosed, the agent could not be held liable thereunder.

3.  EVIDENCE—CONTRADICTING WRITING BY PAROL.—Parol contemporaneous evidence is inadmissible to contradict, vary, or add to the terms of a valid and unambiguous written contract.

4.  REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE.—In an action to reform a contract by proof of its execution by the wrong party as by mistake or fraud, the proof must be clear, convincing and decisive.

Appeal from Sevier Chancery Court; *C. E. Johnson,* Chancellor; reversed.

*Steel & Edwards* and *J. R. Campbell,* for appellant.

*Lake, Lake & Carlton,* for appellee.

KIRBY, J. Appellant and the Bank of DeQueen brought this suit to foreclose a mortgage on certain parts of block 8, Locke Heights Addition to the city of DeQueen, given by appellee and wife to secure three promissory notes to appellant, Claude Ogletree, amounting to $140.22, and by him transferred in due course to the Bank of DeQueen.

Appellees admitted the execution of the notes and mortgage; denied any indebtedness to either appellant or the bank. Alleged they had entered into a contract with appellant by which he undertook to build for them a four-room residence, furnish labor and materials for an agreed price, all of which had been paid, except the amount represented by the three notes referred to in the complaint, and for payment of which the mortgage foreclosure was sought. Alleged that the materials used in the building were of an inferior quality, and not in accordance with the specifications; that the workmanship was poor, the roof defective, the concrete pillars defective and unfit; and that, by reason of such breach and violation of the contract in the furnishing of inferior materials and workmanship and failure to construct the house in accordance with the contract, they had been damaged in the sum of $400, for which judgment was prayed.

Appellant replied, denying the allegations of the answer and cross-complaint, and praying for foreclosure of the mortgage as in the original complaint.

Upon the hearing the chancellor found in favor of the bank upon its complaint for foreclosure and against appellant upon the cross-complaint of appellees, and rendered judgment in their favor for $400 damages as against him, from which this appeal is prosecuted.

There was much testimony introduced, some of it tending to show that defective materials and workmanship were used in the construction of the house, that it

was not built in accordance with the specifications, nor like a certain other house, which it was claimed should have been used as a pattern for its construction, and tending to show that damage had resulted to appellees on account thereof. We do not find it necessary to go into this matter in detail, however, since the only question here is whether appellees had a contract by which appellant was bound to the construction of their house.

He testified that he had made no contract with appellees for building the house, but only represented his brother, H. M. Ogletree, with whom the contract was made, in the negotiations before its execution. Said that his brother was a carpenter and builder, not well acquainted in the city, having but recently arrived, and he was helping him as much as he could in securing contracts for his employment. That the building contract was made by appellees with his brother, H. M. Ogletree; that it was written, with specifications attached thereto, and signed by the parties, H. M. Ogletree and Greer W. Smith. Said that he arranged to get the money from the bank to enable appellees to pay the balance due for the construction of the house upon its completion, having taken the notes secured by the mortgage and transferred same to the bank in order to procure it.

Appellee, Greer Smith, testified that he made a contract with Claude Ogletree for the construction of the house. That he had a copy of it, but had lost it. Being handed instrument which appellant contended was the contract, he examined it, and admitted that it was his signature at the bottom of it, but stated that $1,117 was not in the contract that he signed, which was only for $1,000. Admitted that the writing signed by him was the original contract, with that exception. Said he made the contract with Claude Ogletree, notwithstanding it was signed by H. M. Ogletree, whom he first saw when the building was commenced. Knew that the work on the building was done by H. M. Ogletree and under his

direction, and Claude Ogletree's name was not signed to the contract.

H. M. Ogletree testified that he was a carpenter and contractor and construction foreman, and had been for 35 years; that he built Smith's house under a written contract which Greer Smith signed, and was signed by him. This contract was offered in evidence, and was the same one about which Smith was questioned and admitted the execution of. He said that certain extras were agreed on before the execution of the contract, amounting to $117, which was inserted in the contract before it was signed by the parties. Denied that there was any defective material used in the construction of said house, and said that it could not have been better built with the materials specified; that the leak was not due to the shingles, but to the plan of the house, the pitch of the roof, as other witnesses also testified.

Appellant also stated in his testimony that the change from $1,000 to $1,117 for the construction was made in the contract and inserted before it was signed by the parties, and that he was not in partnership with his brother at the time of the execution of the contract and construction of the house, and had no interest whatever in it, except as indicated.

The chancellor's finding that the contract for the building was made with appellant is contrary to the preponderance of the testimony. The duplicate or copy of the building contract executed by appellee and H. M. Ogletree, introduced in evidence, and which appellee admitted was signed by him, only claiming it had been changed in the respect of increasing the contract price $117, was not and did not purport to have been signed or executed by appellant.

It was not alleged that appellant was in partnership with H. M. Ogletree when the contract was executed and the building constructed, and there is no testimony showing such to be the case.

Even though appellant be regarded as having negotiated the building contract, as the agent for his brother,

who signed it, his principal was disclosed on its execution, and no claim is made of his not being bound thereby, and appellant could not be held liable on that account as agent thereunder. *Meier* v. *Hart,* 143 Ark. 539, 220 S. W. 819; *Rittenhouse* v. *Bell,* 106 Ark. 315, 153 S. W. 1111.

Parol contemporaneous evidence is inadmissible to contradict, vary or add to the terms of a valid and unambiguous written contract. *Bradley Gin Co.* v. *Means,* 94 Ark. 130, 126 S. W. 81; *Delaney* v. *Jackson,* 95 Ark. 131, 128 S. W. 859; *Armstrong* v. *Union Trust Co.,* 113 Ark. 509, 168 S. W. 1119; *Luce* v. *Arkansas Brick & Mfg. Co.,* 125 Ark. 219, 188 S. W. 566.

Attempting to prove that the contract was in fact made with appellant, who did not execute it, would be a most material change, and, if the action be regarded as one to reform the contract by proof of its execution by the wrong party, as from mistake or fraud, the rule requires that it must be done by clear, convincing and decisive testimony, and is in no wise met by the proof herein.

Whatever damages appellee may have been entitled to, if any, under his contract with H. M. Ogletree, appellant was in no wise liable to the payment thereof, and the court erred in holding otherwise.

The decree on the cross-complaint against appellant is therefore reversed, and cause dismissed for want of equity.