WRIGHT v. MARSHALL.

Opinion delivered December 15, 1930.

*Harrison, Smith & Taylor,* for appellant.

*Reid, Evrard & Henderson,* for appellee.

HART, C. J., (after stating the facts). It is well settled in this State that contracts in partial restraint of trade with reference to a particular business, where ancillary to its sale and the good will thereof, are valid and enforceable to the extent reasonably necessary for the protection of the purchaser. Such contracts are intended to secure to the purchaser the good will of the business; and, as a guaranty, the vendor agrees not to

engage in like business at that place. The courts recognize that in such cases the vendor has received an equivalent to abstain from business at the place where it was formerly conducted. *Webster* v. *Williams,* 62 Ark. 101, 34 S. W. 537; *Shapard* v. *Lesser,* 127 Ark. 590, 193 S. W. 362, 3 A. L. R. 247, and cases cited; and *Culp Bros. Piano Co.* v. *Moore,* 162 Ark. 292, 258 S. W. 326.

Counsel for appellant insist that the court erred in refusing to allow parol evidence to the effect that the $1,000 in cash and the assumption of debts in the sum of $1,452.53 by the purchaser was the sole consideration for the contract, and the agreement not to re-engage in the restaurant business in the city of Blytheville on the part of the seller was an after thought, and that there was no consideration upon which to base it. Counsel, in making this contention, rely upon the case of *Kimbro* v. *Wells,* 112 Ark. 126, 165 S. W. 645. We do not think that case has any application whatever. There, the second contract, according to the testimony of the defendant, was executed some time after the first instrument was executed, and, although it referred to the first instrument, it was not a part of it. Because the contracts were executed at different times, and, according to the testimony of one of the parties, were separate instruments, each complete in itself, the court admitted parol evidence to show the intention of the parties in executing them. In the case at bar there is only one contract, and its terms are plain and unambiguous. The case calls for the application of the well-known rule that parol, contemporaneous evidence is inadmissible to contradict, vary, or add to the terms of a valid and unambiguous written contract. *Ogletree* v. *Smith,* 176 Ark. 597, 3 S. W. (2d) 683, and cases cited. The offered evidence in the present case would necessarily tend to vary the terms of the contract as written.

Again, counsel for appellant insist that the case falls within the rule announced in *McRae* v. *Farquhar & Albright Co.,* 168 Ark. 39, 269 S. W. 375, where it was held

that when a contract is actually entered into between the parties with the intention to become bound thereby, it is consummated within the meaning of the law, although it was agreed that the terms of the contract should be reduced to writing. This case would apply if the parties had rested after their preliminary negotiations and had not had the contract reduced to writing. When the contract was reduced to writing, it became the agreement between the parties, and the clause which provided that the seller should not re-enter the restaurant business in the city of Blytheville was just as much a part of the written contract as any other provision in it, and was just as binding upon the parties as the other provisions of the contract. Otherwise, no useful purpose would have been served by the parties in having their contract reduced to writing. The object of reducing the contract to writing was to have a plain statement of the contract which could not be contradicted by parol evidence of matters leading up to the making and execution of the contract. Parties would be afraid to enter into negotiations with each other if these matters could be proved by parol evidence and contradict the terms of a written contract relating to the subject-matter of their negotiations which they finally executed.

Therefore the decree will be affirmed.