LUND *v.* STREET IMPROVEMENT DISTRICT No. 2 OF AUGUSTA.

4-3808

Opinion delivered April 1, 1935.

*Wallace Townsend,* for appellant.

*W. J. Dungan* and *Thomas Fitzhugh,* for appellee.

SMITH, J. Street Improvement District No. 2 of the town of Augusta was organized for the purpose of paving certain streets in that town which were included in State Highways Nos. 16 and 33, under the provisions of act No. 8 of the Special Session of the 1928 General Assembly (Acts Special Session, 1928, page 31). This act authorized the State Highway Commission to designate such streets and parts of streets within the corporate limits of cities and incorporated towns as are continuations of duly designated and established highways passing through or into such cities or incorporated towns, and upon such designation to pay one-half of the cost of paving them.

The commissioners of the district employed appellant as its engineer, under a contract which fixed his compensation at an amount equal to five per cent. of the actual construction cost, of which forty per cent. was payable when the plans, specifications and estimates of cost had been submitted and approved. A preliminary survey was made, and the plans based thereon showed the estimated cost of the improvement to be $81,088.64,

on which basis the total fee due the engineer would be $4,054.43. After the submission and approval of the plans it was discovered that the State Highway Commission could advance no cash, but offered to issue and deliver certificates of indebtedness, and the project was abandoned, whereupon appellant sued the district for $1,621.60, the value of the services rendered under the contract upon the submission and approval of the plans.

The board of commissioners of the improvement district, consisting of three members, met and perfected their organization, by electing one of their number chairman and another secretary of the board. Judge J. F. Summers was elected attorney for the board. This meeting was held on September 3, 1930, at which time the contract sued on was signed by the chairman and secretary of the board. The attorney for the board wrote appellant a letter the relevant portions of which read as follows:

"The Board of Improvement for Paving District No. 2 has organized by electing Mr. C. C. Hechart, chairman, and Walter Jimmerson, secretary. They have executed the engineering contract, and I inclose same herewith.

"Not that any trouble is anticipated about securing State aid on all the streets covered by the district now in the State Highway system, yet out of caution and until the route has been officially designated, the board saw fit to take some precaution and adopted the resolution, copy of which I attach hereto."

The resolution to which the letter referred reads as follows:

"Resolved:

"That Lund Engineering Company of Little Rock, Arkansas, be employed as engineer for Paving District No. 2 of Augusta, provided same be approved by the State Highway Department, and that he be directed to prepare plans and estimates with as much dispatch as may be practical, provided further that in making said contract an understanding be had with said engineering firm that this board has in mind that the State Highway Department will approve and aid in the construction of

all those parts of the street paving which is included in the present State Highway systems of the State Highways 16 and 33 where same are in the present improvement district, and in making said contract it shall be understood that in the event approval is not had by the State Highway Department, then and in that event the board reserves the right to proceed with the improvement or to abandon or modify same, and in the event of any such decision, the compensation of the engineer shall be on a basis of the value of the labor performed up to the time of any such conclusion; that the chairman and secretary be and they are hereby authorized to execute contract in duplicate in accordance with the above.''

Appellant filed with the board of commissioners his estimate of cost, based upon engineering work which had been done, and the plans and specifications which had been prepared in anticipation of appellant's employment under a tentative contract of employment.

There was testimony offered on behalf of the district to the effect that the contract which was finally signed was also tentative and conditioned upon the allotment to the Street Improvement District by the State Highway Commission, in cash, of one-half of the construction cost, and should not be effective unless and until this allotment was made, and it is therefore contended that, as the allotment was never made, no contract was ever entered into.

This contention cannot be sustained in view of the recitals of the resolution set out above. It expresses the conditions upon which the board of commissioners had signed the engineering contract, and, being a contemporaneous writing, made by its transmission to appellant along with the contract sued on a part thereof, must be read in connection with it to determine the intent of the contract. This resolution reserved the right to proceed with the improvement, or to abandon or modify same, and must be read as a part of the contract. The two instruments, together, express the terms upon which the commissioners were willing to bind the district. But these terms were that, ''in the event of such decision (to abandon or modify), the compensation of the engineer

shall be on a basis of the value of the labor performed up to the time of such conclusion." The conclusion to abandon was reached, and express provision has been made to measure the liability of the district in that event, this being to compensate the engineer on the basis of the value of the labor performed "up to the time of such conclusion."

The two instruments enclosed in the letter from the attorney for the district to appellant must be read together as constituting a single contract. It is said, in the case of *Mann* v. *Urquhart,* 89 Ark. 239, 116 S. W. 219, to quote a headnote, that: "Where several instruments, witnessing a contract, were executed at different times, but were intended by the parties to be considered together, they will be so treated." The enclosures were not only intended to be considered together, but were executed at the same time, and were transmitted in the same letter, and must therefore be treated as a single contract. See also *Hayes Grain Co.* v. *Rea-Patterson Co.,* 145 Ark. 65, 223 S. W. 390; *Kimbro* v. *Wells,* 112 Ark. 126, 165 S. W. 645.

Appellant's suit was dismissed as being without equity, and this decree was correct in so far as it held that the "engineer's contract," read by itself, did not completely define the contractual obligation which had been assumed, because, as has been shown, the entire contract reserved to the district the right to abandon the project, and this has been done. But the entire contract also provides, as has been said, that, in this event, appellant should be compensated on the basis of the value of the labor performed up to the time such conclusion was reached.

The decree must therefore be reversed, and the cause will be remanded with directions to ascertain that fact. *Gould* v. *Toland,* 149 Ark. 476, 232 S. W. 434.