### BABCOCK *v.* CLEAR.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

CONTRACTS NOT TO ENGAGE IN TRADE—BREACH—EVIDENCE. ·
A covenant with an ice-dealer not to "engage, directly or indirectly, or concern himself, in carrying on or conducting the ice business, either as principal or agent, within ten miles" of a particular place, will be violated by riding on an ice-cart, and delivering ice, and soliciting customers, for a rival dealer, within the specified limits.

Appeal from special term, Westchester county.

Action by George Babcock against John R. H. Clear. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and PRATT, J.

*E. T. Lovatt,* for appellant. *Wm. F. Purdy,* for respondent.

.PRATT, J.   The defendant, for a good consideration, covenanted with the plaintiff not to "engage, directly or indirectly, or concern himself, in carrying on or conducting the ice business, either as principal or agent, within ten miles," etc., of a certain place.   He is now, and for a long time has been, engaged in riding upon an ice-cart, delivering ice, and doing such other parts of the ice business as he is directed to do by a rival ice dealer of the plaintiff, within the limits specified in the contract.   It appears that he has solicited some of his old customers and others to buy ice of his present employers at prices below those of the plaintiff.   We think that, although this is a covenant that must be strictly adhered to, the acts of the defendant clearly fall within the spirit and terms of it.   Merely calling himself a laborer does not signify to take the case out of his covenant.   He was undoubtedly hired because he was acquanted with his former customers, and could prevail upon them to patronize his present employer.   To pretend to be a laborer was a mere cover to engage in the ice business in a way which would injure the plaintiff in the most effectual way.   If his work had been cutting ice, or loading it, or taking care of horses, or even keeping books, so long as he did not solicit custom as agent of his employer, it might not violate his agreement; but to engage in selling and delivering, even as agent, was clearly a breach of his covenant.   Judgment reversed, with costs.