CASE 90—PETITION EQUITY—FEBRUARY 6.

## Western District Warehouse Co. v. Hobson, &c.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

CONTRACTS IN RESTRAINT OF TRADE.—While a contract to refrain from engaging in a particular business for ten years, without reference to place or other conditions, would be void, being in restraint of trade, yet where the owners of a tobacco warehouse sold the property, together with the good will of their business, a stipulation in the deed that the grantors were "not to engage in said business for a period of ten years" is binding, as it must, when considered in connection with the subject-matter and surroundings of the parties at the time, be taken to mean that they were not to engage in the same business in the city in which the warehouse was situated, or in the district or territory in which they had been doing business.

W. S. BISHOP AND W. D. GREER FOR APPELLANT.

Contracts in reasonable restraint of trade are valid. If the restraint is such only as to afford a fair protection to the interest of the party in favor of whom it is given, and not so large as to interfere with the interests of the public, it is not unreasonable. (Angier v. Weber, 92 Am. Dec., 752.)

If the contract in question here was intended to restrain appellees from carrying on the warehouse business everywhere and in all parts of the world, it is unreasonable, and, therefore, void. If the restraint was intended to be merely co-extensive with the business which had been carried on by appellees, it is valid. (Hardware Co. v. Hardware Co., 13 Am. Rep., 25, and authorities cited; Hubbard v. Miller, 15 Am. Rep., 153.)

In arriving at the intention of the parties, all the surrounding facts and circumstances may be taken into consideration. (1 Wait's Actions and Defenses, p. 118.)

If one construction of a contract will render it illegal and another

will make it valid, the latter will be preferred. (Chitty on Contracts, 9 Am. ed., 82; Archibald v. Thomas, 3 Cow., 284; Coke Lit. 42, 183; Attorney-General v. Chapman, 31 Eng. L. & Eq., 142; Many v. Beckman Iron Co., 9 Paige, 188.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears that appellees were the owners of a to-bacco warehouse in Paducah, and had built up quite a large trade in that vicinity. Some time prior to 14th of March, 1892, the appellant purchased the property and good will of the appellees, and also, as alleged, contracted and agreed with them that they (appellees) would not enter into said business directly or indirectly for ten years. Appellees executed deed of conveyance to appellant for said property, but afterwards appellee Hobson engaged in the same business in the city of Paducah, and within less than five years from the sale of the said warehouse property, &c., to appellant. The appellant, the Western District Warehouse Company, instituted this action seeking judgment for damages against appellee, and asking that he be enjoined from engaging or continuing in said tobacco business in Paducah or in that vicinity. Appellant's petition sets out in apt language the purchase from appellees, payment for same, and breach of contract, and files his deed with petition. The appellee Hobson demurred to plaintiff's petition and amended petition, and the demurrers were sustained by the court, and upon the refusal of the court to allow appellant to file its last amended petition, it failed to plead further, and its petition was dismissed by the court with cost. From that judgment plaintiff has appealed.

There is no brief for appellees on file, but we pre-

sume, from the reading of appellant's brief, that the court below was of the opinion that the allegation to not engage in the tobacco warehouse business was void, being in restraint of trade.

It may be readily conceded that a contract to refrain from engaging in such business for ten years without reference to place or other conditions would be void. But a contract such as plaintiff claims to have made with defendant is not void. The deed is copied into this record and describes fully the property and business sold to plaintiff, and towards the close these words are used: "And also all our good will in said warehouse business as members of the firm of H. H. Hobson & Co., or as individuals, and we agree with said company not to engage in said business, directly or indirectly, for a period of ten years from this date." The deed is dated November 22, 1890.

It seems to us that the language of the deed, taken in connection with the subject-matter and surroundings of the parties at the time, can only mean that appellees only contracted to not engage in said business in Paducah or in the district or territory in which they had been doing business, and which business they had just sold, at least sought to sell, to appellant. It seems to us that such a trade or contract is not void, and can not properly be held to be in restraint of trade. We are, therefore, of opinion that the court below erred in sustaining the demurrers of the defendant.

The judgment of the lower court is reversed, and cause remanded with directions to overrule the demurrers, and for further proceedings consistent with this opinion.