OWL LAUNDRY COMPANY

*v.*

VICTOR J. BANKS.

[Submitted February 10th, 1914.   Decided February 11th, 1914.]

1. An agreement by the solicitor for a laundry that, upon termination of his employment, he would surrender a list of his customers, and would not solicit orders from any ·of such customers, either for himself or as an employe of any other person or corporation in the county where the employer was operating, and would not engage in such business in any capacity for himself or with others in such county for two years from the termination of such employment, was reasonably necessary for the protection of the employer's business, both in the restriction as to area and time.

2. Such contract was not illegal as preventing defendant from engaging in such business "in any capacity," since it was not broader than necessary for the protection of the employer's business.

On final hearing.

*Mr. James C. Agnew,* for the complainant.

*Mr. William B. Stiles,* for the defendant.

BACKES, V. C.

The complainant is engaged in carrying on the wet-wash or laundry business in the town of Union, Hudson county. The defendant was employed by it from May 11th, 1912, to August 14th, 1913, as a solicitor of orders for wet-wash from residents of Hudson county. At the time he took employment, the defendant entered into a written agreement with the complainant that upon the termination of his employment he would surrender to his employer a list of his customers and that he would not

"solicit orders of wet wash from any of the customers of the said Owl Laundry Co., Inc., either for myself or as employe of any other person or persons, corporation or corporations, in the County of Hudson, State of New Jersey, and that I will not engage in the wet wash business in any capacity for myself or others either natural or artificial persons in any portion or portions of the County of Hudson, in the State of New Jersey, for the period of two (2) years continuously from the time of the termination of my employment with the Owl Laundry Co., Inc."

The defendant broke his promises, and the bill is filed to restrain further breaches. Relief is resisted on the ground that a compliance with the agreement will effect an unreasonable restraint of the defendant's opportunities to secure work in his line of trade, and is, therefore, contrary to public policy.

1. The nature of the defendant's services brought him into intimate relation with the complainant's trade and obviously for the purpose of preventing the defendant from diverting the custom he secured for the complainant, to a competitor, the restrictions upon the defendant's activities, after the termination of his employment, were stipulated as a part of the contract. The restrictions as to area and time are both reasonably necessary for the protection of the complainant's business. *American Ice Co.* v. *Lynch, 74 N. J. Eq. 298.*

2. It is also contended that the contract is illegal because

the defendant covenanted that he would not engage in the wet-wash business *in any capacity,* and the argument is that it is broader than necessary for the protection of the complainant's business, in that it prevents the defendant from accepting employment from any concern engaged in a wet-wash business, even as a watchman, janitor, machinist or scrubber of the wash. The identical point was raised in *Sternberg* v. *O'Brien, 48 N. J. Eq. 370,* and there decided by Vice-Chancellor Van Fleet against the views now advanced by the defendant.

The complainant is entitled to an injunction as broad as may be necessary to insure a compliance with both the letter and spirit of the defendant's agreement.

The complainant is entitled to costs.