JOHN F. AMMON ET AL., APPELLANTS, V. JAMES F. KEILL, APPELLEE.

FILED APRIL 3, 1914.     No. 17,696.

Contracts: RESTRAINT OF TRADE: INJUNCTION. A. & Co., plaintiffs, who were engaged in the plumbing, tinwork and heating business, bought of B and C, who were engaged in business of the same nature, their stock of plumbing goods, supplies, tools and fixtures. A part of the contract of sale provided that the defendant, who is one of the vendors, "will not go into, or conduct, directly or indirectly, a plumbing, tinwork or heating business, within the county of Butler," for a period of ten years. Defendant afterwards, working by the day installed heating apparatus for the owner of a building, put up a metal ceiling, being paid for this work by the square, and took other contracts in the same manner as the partnership did before it made the sale, except that defendant carried no goods or material in stock and did not furnish the same; he also worked for competitors of plaintiffs in the same business by the day or week. *Held*, That this was a violation of the agreement, and that the plaintiffs are entitled to an injunction to restrain the further continuance of such business.

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Reversed with directions.*

*Roper & Fuller,* for appellants.

*L. S. Hastings, contra.*

Letton, J.

Action to restrain the defendant from performing acts in breach of a contract to refrain from entering into business. From a judgment refusing an injunction, plaintiffs appeal.

The petition alleges that the plaintiffs, in 1911, entered into a written agreement with the defendant, James F. Keill, and Henry E. Keill, his brother, doing business in David City, under the name of J. F. and H. E. Keill, by which the Keills sold to plaintiffs their stock of plumbing goods, supplies, tools and fixtures. Part of the contract was as follows: "It is further agreed by and between the parties hereto, and as part of the consideration herein, that the said James F. Keill will not go into, or conduct, directly or indirectly, a plumbing, tinwork, or heating business, within the county of Butler, and state of Nebraska, for a period of ten years from this date, and it is further agreed, and as part of the consideration herein, that the said Henry E. Keill will not engage in or conduct, directly or indirectly, a plumbing, tinwork, or heating business, within the city of David City, Nebraska, for a period of ten years from this date." It is also alleged that the defendant is engaged in the plumbing, tinwork and heating business, has taken several jobs, and is doing work for other parties, both in his own name and in the name of others; that he has undertaken to install a heating plant for one Bunting in a building in David City and is now engaged in the work. The prayer is for an injunction to prevent further breaches of the contract.

The answer admits the agreement, but pleads that both parties have construed it to mean that he might perform work of this kind by the day, or for daily or monthly hire; admits that defendant worked for Mr. Bunting in installing a heating plant; but alleges that such work was done by the hour, and that he did the work with the consent of plaintiffs.

The defendant testifies that he thought he had a right to work by the day under the contract, and that this is the only manner in which he has worked; that the plaintiffs

furnished the steel for a ceiling which the defendant put up, and did not object to his doing the work; that he also worked for rival plumbing concerns by the day, after he made the agreement. On cross-examination it was shown that, while the firm of J. F. and H. E. Keill was in business, it did work by the hour or by the day, as well as taking jobs by contract; that defendant went to Lincoln with Mr. Bunting and helped him to select the furnace which he purchased, and which he afterwards installed for Bunting; that while the firm was in business it was not unusual for them to help their customers select the heating apparatus which they afterwards erected by the day, hour, or job; that he was paid for putting up the steel ceiling referred to by the square; that when he made the contract he was intending to go upon a farm, and had no intention of doing any work in the plumbing or heating line.

Contracts of this nature are not unlawful. The question as to their validity has been settled in this state by the cases of *Herpolsheimer v. Funke*, 1 Neb. (Unof.) 304; *Downing v. Lewis*, 59 Neb. 38; *Wittenberg v. Mollyneaux*, 60 Neb. 583; *Engles v. Morgenstern*, 85 Neb. 51. The real inquiry in this case is whether a contract that provides that the seller "will not go into, or conduct, directly or indirectly, a plumbing, tinwork or heating business, within the county," is broken by the vendee taking employment as a skilled workman by the plaintiff's competitors, and by his entering into contracts to install heating apparatus and other work to be paid for by the hour, day, or piece. The object of the contract was to prevent defendant from using his skill, experience and acquaintance with customers to the detriment of the vendee. Some of the acts of business in which defendant engaged were the same, as to the nature of the work and the manner of payment, as it had been the custom of the partnership to do while it was in business. It seems to us that the words "go into, or conduct, directly or indirectly," such a business clearly include such transactions within their terms. The mere fact that defendant did not carry a stock of materials on hand is of little consequence. The firm had not carried material for

ceiling in stock when in business, and had never carried a large line of furnaces. Defendant may have been guilty of a lack of forethought in entering into such an agreement, but this cannot operate to justify a breach of its conditions. We think he has broken both the letter and spirit of the contract.

In *Boutelle v. Smith,* 116 Mass. 111, where a firm of bakers in selling out a bakery agreed that they would not enter into that business "in the town of F, and will not, directly or indirectly, engage in any business or do any act that shall interfere with the business thus purchased," the driving of a bread cart, though acting as the hired servant of a baker in another town, was held to violate the contract. See, also, *Thompson v. Andrus,* 73 Mich. 551; *Finger v. Hahn,* 42 N. J. Eq. 606; *Babcock v. Clear,* 17 N. Y. Supp. 664; *Sander v. Hoffman,* 64 N. Y. 248; *Siegel v. Marcus,* 18 N. Dak. 214, 20 L. R. A. n. s. 769.

We do not wish to be understood as saying that it is an invariable rule that the vendor in such a case may always be prevented from entering the services of a competitor as a workman. It can easily be seen that, where the workman is practically merely a cog in a machine and his personality and business-getting ability is submerged in his work, the effect of such employment upon the business of the vendee would in all probability be nil, and there would be no reason for a court of equity to interfere. The nature of the business which is sold, the character of the transactions in which the vendor is or may be engaged and which are claimed to be in violation of the contract, and the probable and reasonable effect of such transactions upon the business which has been sold, must all be considered. It is only when an injurious effect can be reasonably made apparent that an injunction will be allowed. *Wilson v. Delaney,* 137 Ia. 636; *Nelson v. Johnson,* 38 Minn. 255.

We think the district court erred in refusing the injunction, and its judgment is therefore reversed, with the direction to grant the relief prayed.

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.