**J. R. Telford et al., trading as Telford & Wilkinson, Appellees, v. T. M. Smith and Earl C. Huggins, Appellants.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Bill by J. R. Telford and C. E. Wilkinson, trading as Telford & Wilkinson, against T. M. Smith and Earl C. Huggins to restrain defendant Smith from engaging in the business of buying, selling or shipping grain and hay and from buying or selling buggies, wagons or harness, either by himself or through an agent in the city of Kinmundy, Illinois, so long as complainants or either of them are engaged in said business in said city. From a decree granting the injunction, defendant Smith appeals.

Complainants base their right to an injunction upon a contract made between them and Smith whereby complainants were to purchase from him his grain elevator and barn located on the right of way of a railroad company together with a lease from the railroad company under which it gave. Smith the right to maintain said buildings on the right of way. The contract also provided that Smith was to sell and complainants were to purchase a stock of wagons, buggies and harness located in a storeroom in said city. There was no dispute about the agreement to sell or that Smith was not to engage in the business of buying and selling the articles mentioned in the city of Kinmundy so long as complainants were engaged in such business at that place.

Nelson v. Swanson, 186 Ill. App. 632.

CHARLES H. HOLT and W. G. WILSON, for appellants.

NOLEMAN & SMITH, for appellees.

PER CURIAM.

## Abstract of the Decision.

1. CONTRACTS, § 154*—*when contract not to engage in business enforceable.* A contract not to engage in a business, as an inducement to buy a business, is enforceable where the limitations as to place and time are specifically mentioned.

2. SALES, § 341*—*when finding as to compliance with contract as to invoicing sustained by the evidence.* Where on a bill to enjoin a person from engaging in a business, where complainants based their right to an injunction on a contract for the sale of a business, containing a provision that the seller would not engage in a similar business at a certain place so long as complainants were engaged in such business, and the defendant based his right to avoid such provision of the contract on the ground that complainants had refused to invoice certain articles of personal property, *held* that a finding that the contract of purchase had been fully complied with was sustained by the evidence, there being as to such items a conflict of the oral evidence whether they were to be invoiced, and the written contract not mentioning them.

---

### Elsie Nelson, Defendant in Error, v. Ephraim Swanson, Plaintiff in Error.

#### Gen. No. 19,320.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 19, 1914.

### Statement of the Case.

Proceeding by Ephraim Swanson for a discharge from arrest under a *capais ad satisfaciendum* issued

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.