WILKINSON BROS. & Co., Plaintiff, *v.* WILLIAM E. EBBETS, Defendant.

(Supreme Court, New York Special Term, April, 1918.)

Injunctions — action for — who may be restrained — contracts — agency.

By the terms of a contract of employment based upon a valuable consideration, defendant agreed to refrain directly or indirectly from entering into any business competition with the plaintiff. Prior to the termination of said contract another manufacturer of paper agreed that plaintiff should have the

exclusive sale of its paper in the city of New York except to certain customers, but in no sense did plaintiff become the agent of said manufacturer and shortly after defendant left plaintiff's employment he procured his own appointment as the exclusive sales agent of the other manufacturer and also procured the exclusive selling agency for other manufacturers of paper in the territory covered by his contract with plaintiff. In an action to restrain defendant from engaging directly or indirectly as agent or otherwise in the business of manufacturing or selling paper or paper stock in the state of New York and other territory, prior to the expiration of three years from the termination of the contract between plaintiff and defendant, *held,* that the restrictive covenant, in so far as it forbade defendant to act as agent for manufacturers of paper, was not unnecessarily oppressive, nor did it impose upon defendant any greater restraint than was reasonably required for the protection of the interests of plaintiff, and plaintiff was entitled to the relief asked.

ACTION for an injunction.

A. C. Rowe, for plaintiff.

C. A. Taussig, for defendant.

PLATZEK, J. Plaintiff is a corporation engaged in business as a jobber of paper and paper stock. Defendant is the selling agent of several manufacturers of paper. The complaint demands judgment that the defendant be restrained from engaging, directly or indirectly, as agent or otherwise, in the business of manufacturing, buying or selling paper or paper stock in the state of New York and five other eastern states prior to March 3, 1920. On March 3, 1913, defendant executed a written instrument designated a memorandum of sale. This paper recited that defendant had agreed to sell and plaintiff to buy all of defendant's " good will and such of his information and advice and assistance as they (plaintiff) may

desire in the paper business '' at a price fixed by the agreement. It is further recited that as an inducement to said purchase defendant had agreed to refrain directly or indirectly from entering into any business competition with plaintiff in the manner thereinafter stated. The agreement then provided that in consideration of $500, the receipt of which was acknowledged, defendant would not directly or indirectly engage in or become associated with any business of manufacturing, buying or selling paper or paper stock, or merchandise of a similar character, as principal, agent, employee, adviser, or in any other relation or capacity, or as stockholder, director, trustee, agent, officer, clerk, employee or adviser of any corporation, company or association other than plaintiff for a period of three years from the date of the agreement,. or if defendant should at any time be employed by or connected with plaintiff in any capacity, then for a period of three years from the severance of such connection. The agreement was to apply to the state of New York and the five other states mentioned in the complaint. On the same day plaintiff and defendant entered into an agreement in writing whereby plaintiff employed defendant, at a specified salary, to devote his entire time and energy to plaintiff's business, as he should be directed by plaintiff. This employment was for one year from the date of the agreement, with the provision that it should continue from year to year until terminated by notice of either party, to be given three months before the end of any year. At the time these agreements were made defendant was the manager of a corporation engaged in the manufacture of paper, in which he was also a stockholder. He had no business of his own. Both the corporation and himself had recently been adjudicated bankrupts. Defendant entered the employment of plaintiff on March 3, 1913,

pursuant to the agreement of that date. He remained in that employment until March 3, 1917. His employment then terminated pursuant to notice previously given by him in accordance with the contract. During these four years defendant occupied a position of responsibility and became familiar with plaintiff's customers and with its method of doing business. In the year 1916 plaintiff entered into business relations with the Frank Gilbert Paper Company, a manufacturer of paper. That company agreed with plaintiff that plaintiff should have the exclusive sale of its paper in the city of New York until further notice, except that the Gilbert Company reserved the right to deal directly with certain customers of long standing. Plaintiff was thus given an exclusive right to sell the Gilbert Company's paper, but did not become in any sense its agent. Shortly after defendant left plaintiff's employment he sought and procured his own appointment by the Gilbert Company as its exclusive sales agent in the city of New York. He also procured the exclusive selling agency for other manufacturers of paper in territory covered by his contract with plaintiff. The agreement of March 3, 1913, containing the restrictive covenant upon which the present action is founded, was not an agreement for the sale of a business with the good will belonging to it. Defendant had neither business nor good will at the time. But there was a valuable consideration for the agreement, and, in so far as it undertook to restrict defendant's activities following upon the termination of his employment by plaintiff, it was not unlawful provided the restraint was limited to what was fairly necessary for the protection of plaintiff, and so was a reasonable restraint. *McCall Co.* v. *Wright,* 198 N. Y. 143; *Magnolia Metal Co.* v. *Price,* 65 App. Div. 276; *Dr. Miles Medical Co.* v. *Park & Sons Co.,* 220 U. S. 373. If the restrictive covenant be

read without reference to the recitals which precede it, it would forbid defendant from engaging in or becoming in any way interested in or connected with any company engaged in the manufacture, purchase or sale of paper, paper stock, or merchandise of a similar character, within the specified territory, for three years after the termination of his employment by plaintiff. If the contract were so read the restraint attempted to be put upon defendant might possibly be held to exceed what was necessary for plaintiff's protection. It would, for example, prohibit defendant from becoming a mere stockholder in any corporation engaged in the manufacture of any kind of paper. If, however, the restrictive covenant be read in the light of the recitals in the agreement, it may be understood as forbidding only such interests or activities as are competitive, and such as are, therefore, fairly necessary for the protection of the jobbing business conducted by plaintiff. Such a limitation has been implied where there was less in the language of the agreement to suggest it than appears in the present case. *Ru Ton* v. *Everitt,* 35 App. Div. 413, 416–418. See, also, *McCall Co.* v. *Wright,* 198 N. Y. 143, 150. The defendant urges that the agreement should be so read, and contends that, if this be done, it must be held that he has not violated his contract. He says that, since he acts as agent only for manufacturers and sells only to jobbers, he does not compete with plaintiff, itself a jobber. There would be more force in this contention if the parties had not themselves expressly included such an agency among the business connections and activities from which the defendant was to refrain. One of the recitals in the agreement was that the defendant had agreed " to refrain directly or indirectly from entering into any business competition with the corporation of Wilkinson Bros. & Co. *in the manner hereinafter*

*stated."* Then followed the covenant, the substance of which has been stated, and which enumerated, among a great number of other prohibited interests or activities, that of becoming associated with any paper manufacturing business as agent. The defendant voluntarily entered into this agreement and received a valuable consideration for it. By its express terms he is forbidden to engage in the business which he is now conducting and which the parties themselves evidently regarded as sufficiently dangerous to the welfare of plaintiff's business to necessitate its prohibition. It would require a very plain case to justify the court in holding that what the parties themselves have considered to be business of a competitive nature is not really so. *Rousillon* v. *Rousillon,* L. R. 14 Ch. Div. 351. I do not think that this is such a case. Upon the evidence here I cannot hold that the restrictive covenant, in so far as it forbade the defendant to act as agent for manufacturers of paper, was unnecessarily oppressive, or that it imposed upon defendant any greater restraint than was reasonably required for the protection of the interests of his employer. In its requests for findings plaintiff asks that defendant be restrained until March 3, 1920, from acting as manufacturer's agent for the Gilbert Paper Company or for any other manufacturer selling merchandise similar to that dealt in by plaintiff. I am of the opinion that plaintiff is entitled to this relief.

Ordered accordingly.