ROSE NACHAMKIS AND NATHAN PREMINGER, TRADING AS PERTH AMBOY BISCUIT COMPANY, APPELLANTS, v. DAVID GOLDSMITH, ROSE GOLDSMITH AND JACOB JAROFF, RESPONDENTS.

Submitted February 9, 1925—Decided March 23, 1925.

1. An agreement not to engage in or pursue a particular business or profession, when made for a good consideration with one whose business interest it is to prevent competition, is valid, if restrained within reasonable limits.
2. A covenant in a bill of sale of a business, that the seller will not engage in the same line of business within a radius of ten miles of the territory covered by the seller, in the business being sold, for a period of ten years, is not an unreasonable restriction.

---

On appeal from the Supreme Court.

For the appellants, *William Newcorn.*

For the respondents, *Wight, Wight & Golenbock* (*Henry Golenbock,* of counsel).

The opinion of the court was delivered by

KALISCH, J. The appellants appeal to this court from a judgment of nonsuit entered in the Supreme Court in favor of the respondents and against the appellants, in an action tried at the Middlesex Circuit. The facts which give rise to the litigation are these: David Goldsmith, prior to the 11th day of November, 1919, was engaged in the wholesale cracker and biscuit business in Perth Amboy, and had a well-established trade, serving customers in Middlesex, Union and Somerset counties. On the 11th day of November, 1919, he sold the business to Morris Essenfeld, Harry L. Rappaport and Jacob Jaroff, executing to them a bill of sale therefor, together with the good-will, and which bill of sale contained the following covenant: "It being understood that the party of the first part will not conduct a cracker or biscuit business, either directly or indirectly, or sell for another in the same line of business within a radius of ten miles of the territory now covered by the said party of the first part in his said business for a period of ten years from date; the party of the first part agrees to resign immediately from the New York Cracker Dealers' Association and introduce the party of the second part to said association for the purpose of acquiring a membership in said association for the party of the second part. This agreement to hold with the successors and assigns of the party of the second part.

"To have and to hold the same unto the said party of the second part, their heirs, executors, administrators and assigns forever."

On February 17th, 1920, Essenfeld and Rappaport, individually and as co-partners, trading as the Perth Amboy Biscuit Company, conveyed an equal undivided two-thirds interest in said business to Rose Nachamkis and Nathan

Preminger, executing a bill of sale therefor, together with the good-will, and which bill of sale contained the same covenant as above recited. New articles of co-partnership on the last-mentioned date were entered into between Nachamkis, Preminger and Jacob Jaroff, and this partnership continued until July 7th, 1920, when the latter sold out his one-third interest in the business and good-will to Rose Nachamkis and Nathan Preminger, who thereafter conducted the business as the Perth Amboy Biscuit Company. Subsequently, on the 15th of July, 1920, Jacob Jaroff and Rose Goldsmith, wife of David Goldsmith. entered into a co-partnership under the name of Raritan Biscuit Company, and conducted the business at 210 New Brunswick avenue, in Perth Amboy, in competition with the business of Nathan Preminger and Rose Nachamkis, known as the Perth Amboy Biscuit Company. Whereupon Rose and Nathan, on the 16th of August, 1920, filed a bill in the Court of Chancery setting up the above-related facts, namely, that David Goldsmith, through the medium of his wife and Jaroff, were violating the covenant contained in the bill of sale above recited, and, therefore, prayed that David Goldsmith might be compelled to perform his agreement not to engage, directly or indirectly, or sell for another in the same line of business as plaintiffs, within a radius of ten miles of the city of Perth Amboy; and, further, that it be decreed that the alleged co-partnership between Rose Goldsmith and Jacob Jaroff was a violation of the terms of the covenants entered into by them, and that David Goldsmith be declared to be a true co-partner in the business, and that an injunction might issue, &c. The cause went to trial, and there was a decree advised by Vice Chancellor Buchanan that David Goldsmith be restrained, for the period of ten years, within the radius of ten miles of the city of Perth Amboy, from conducting a cracker or biscuit business, directly or indirectly, and from selling for another in the same line of business, and that Rose Goldsmith and Jacob Jaroff, and each of them, desist and refrain for the same period of time, and within said radius, from engaging or continuing, directly or indirectly, as co-partners together in

the cracker or biscuit business, or in selling for another in the same line of business.

No appeal was taken from the decree, and on January 27th, 1921, the plaintiffs brought their action against David and Rose Goldsmith and Jacob Jaroff for a breach of the covenant contained in the contract aforementioned, in that that they had engaged in a competing biscuit and cracker business within the proscribed area, and alleging that, by reason thereof, they, the plaintiffs, had sustained a loss of customers, and of sales in their business.

The testimony adduced at the trial on behalf of the plaintiffs tended to establish that the defendants, respondents in this appeal, had violated the terms of the covenant contained in the bill of sale, as set out in the plaintiffs' complaint, filed in the cause.

Upon motion of counsel, on behalf of defendants, for a nonsuit, the trial judge granted the motion in favor of all of the defendants and against the plaintiffs. This was error.

The ground upon which the learned trial judge rested the legal propriety of the nonsuit was, that the covenant was in restraint of trade, and, hence, against public policy, and that, therefore, there was no legal basis for the plaintiffs to recover.

The questions of the reasonableness or unreasonableness of the covenant, and whether or not it was against public policy, because of the restraint contained in the bill of sale of the business to the plaintiffs, were fully considered and decided by the Court of Chancery in proceedings between the same parties as here, and that tribunal held the restraining clause to be lawful, and thereupon granted the complainants the relief sought for by their bill of complaint. The matter was *res adjudicata* and was not open to be challenged upon any ground, either in a court of law or equity. But even if this were not so, the declaration that the restraining clause in the bill of sale was void as against public policy, is contrary to the many adjudged cases in this state.

The legal rule on the subject is tersely stated by Mr. Justice Depue in *Hoagland* v. *Segur*. 38 *N. J. L.* 230 (at *p.* 235),

as follows: "That an agreement not to engage in or pursue a particular business or profession, when made on a good consideration, with one whose business interest it is to prevent competition, is valid, if restrained within reasonable limits, is too well settled to be regarded as an open question."

This court, in *Trenton Potteries Co.* v. *Oliphant,* 58 *N. J. Eq.* 507, held, that where a contract of the vendors of a business and its good-will bound them not to engage in the same business within any state in the United States of America or within the District of Columbia, except in the State of Nevada and the Territory of Arizona, for the period of fifty years; that the description of the places within which the contracts restrained the vendors is a divisible description, embracing not one whole area but several areas described, and it appearing that the business had been carried on by the vendors in some of the areas covered by the description and not in the others, that in respect to these latter the restraint may be opposed to public policy, and to that extent may be unenforceable, but as to those areas for which the restraint was contracted, and within which business had been carried on the restraint was reasonably required for the protection of the purchaser, and the contract to that extent was not in opposition to public policy and was enforceable.

In the case *sub judice* it appeared that the vendors of the business to the plaintiff had not only been serving customers in Perth Amboy, but also in New Brunswick and nearby municipalities, in which territory the plaintiffs were entitled to protection under their contract.

For the reasons stated the judgments of nonsuit must be reversed, and a *venire de novo* is awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, MC-GLENNON, KAYS, JJ. 15.