## JENNINGS v. SHEPHERD LAUNDRIES CO.
### (No. 8814.) *

(Court of Civil Appeals of Texas. Galveston.
July 2, 1925. Rehearing Denied Oct. 8,
1925.)

**1. Injunction ⟜61(2)—Injunction may be granted under contract prohibiting employé from engaging in same business or diverting plaintiff's business after leaving employ.**

In suit to enjoin defendant from violating contract providing that defendant should not engage in same business or divert plaintiff's business to others within two years after leaving plaintiff's employ, *held* that plaintiff was entitled to injunction, since there was no proper and adequate remedy at law.

**2. Contracts ⟜54(1)—Contract prohibiting employé from engaging in same business or diverting plaintiff's business for two years after leaving employ held based on valuable consideration.**

Contract providing that laundry employé should not engage in same business or divert employer's business to others within two years after leaving employment *held* based on valuable consideration.

**3. Contracts ⟜117(2)—Monopolies ⟜12(4) —Contract prohibiting employé from engaging in same business or diverting employer's business two years after leaving employ held not violation of Anti-Trust law, nor in unreasonable restraint of trade.**

Contract providing that employé in laundry should not engage in same business or divert employer's business to others within two years after leaving employment *held* not violation of Anti-Trust Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 7796 et seq.), nor unreasonable restraint of trade.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by the Shepherd Laundries Company against H. F. Jennings. From an order granting a temporary injunction, defendant appeals. Affirmed.

Leon Weinberg and Chas. Murphy, both of Houston, for appellant.

Kennerly, Williams, Lee & Hill, Fred L. Williams, and W. H. Blades, all of Houston, for appellee.

GRAVES, J. This appeal is from an order of the trial court granting a temporary injunction to appellee whereby appellant was restrained for a period of two years from April 18, 1925, from violating the provisions of the contract between the parties of date October 18, 1923, reading as follows:

"This agreement made this 18th day of October, A. D. 1923, between Pantitorium, of Houston, party of the first part, and H. F. Jennings, of Houston, party of the second part, witnesseth:

"That, whereas, the said party of the first part is engaged in the laundry, cleaning, and pressing business, and have built up and established an extensive trade therein; and

"Whereas, each of the servants employed by the said party of the first part to call for and deliver laundered and unlaundered goods or cleaning and pressing to its customers, is in a large measure, enabled by such employment, to discover and acquire its methods of business in doing such laundry, cleaning, and pressing work and collecting therefor, and to become skilled in such business, and in such territory (commonly known as laundry route), as may be intrusted to him from time to time; and

"Whereas, said party of the second part is desirous of entering the employ of said party of the first part and thereby acquiring our methods of business:

"Now, therefore, in consideration of the premises and the mutual covenants and agreements herein contained, the parties hereto covenant and agree as follows:

"Said party of the first part does hereby employ said party of the second part to call for and deliver laundered and unlaundered goods or cleaning and pressing, and to perform such other duties as we may require of him, and agree to pay him per week a commission, and such additional wages, if any, as may from time to time be agreed upon.

"Said party of the second part hereby agrees that he will use all diligence in his power to make and keep trade for said party of the first part, and that he will faithfully work for said party of the first part, drive laundry wagons or automobiles, call for and deliver laundered and unlaundered goods, or cleaning and pressing, and collect for same, daily turn over to the said party of the first part all money collected, keep a just and true account with all customers, and with his said employer, and promptly do and perform any other things pertaining to the business of said party of the first part as he may be directed by us.

"The said party of the second part also agrees that he will not at any time while he is in the employ of the said party of the first part, or within two years after leaving our service for himself or any other person, persons, or company, call for and deliver laundered and unlaundered goods, or cleaning and pressing, to any person or persons who shall have been customers of said party of the first part, and supplied by said party of the second part during any time he may have been employed under this contract, nor will he in any way, directly or indirectly, solicit, divert, take away, or attempt to solicit, divert, or take away any of the customs, business, or patronage of such customers within two years, and said party of the second part further agrees that he will not at any time while he is in the employ of the said party of the first part, or within two years after leaving service, for himself or any other person, persons, or company, engage in the laundry business, or call for and deliver any laundered or unlaundered goods, or cleaning and pressing, either directly or indirectly, in that portion of the city of Houston situated and bounded on the north by Elgin, Hathaway, Euclid and Buffalo river; on the east by Main street; on the south by no limit; on the west by no limit.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction December 10, 1925.

"Both parties agree that territory is large enough to be made into two routes, and agree to cut some when business permits (said portion of the city containing the laundry route or territory especially intrusted by said party of the first part to the party of the second part).

"The privileges and benefits of this contract shall extend to the successors and assigns of the party of the first part.

"The term of service may be terminated on any day of any month by either party hereto giving the other not less than one week's notice.                    H. F. Jennings. [Seal.]
                    H. M. Shepherd. [Seal.]
"Signed, sealed, and delivered in the presence of
    "Carrol Feray.
    "A. E. Fellows."

Written in with pen on the left-hand margin of the contract was this addendum:

"For valuable consideration I agree to the division of my territory and does not affect my original contract time limit.
                    "H. F. Jennings."

The appellant resisted the granting of the writ in the court below, and also inveighs against it in this court on these grounds: (1) That appellee was not a party to the contract, and had no interest in it; (2) that it was without consideration; (3) that appellee had an adequate remedy at law; (4) that the contract is void as being in violation of our Anti-Trust Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 7796 et seq.)

On the hearing below the court had before it the contract, the full testimony of the parties concerned in its making and transactions that followed it, that is, the appellant and appellee's vice president who acted in its behalf in the matter, certain documentary evidence, including certificates under the assumed named statute by appellee and by the company established by appellant after he quit appellee's employment. Appellant also made the following admission of record:

"The defendant will admit that after severing his relations with the plaintiff on or about April 18, 1925, he has continued to call for and deliver cleaning and pressing, for himself, to person or persons who have been customers of the plaintiff and supplied by the defendant during the time he was employed under the contract; and it is admitted that the defendant has, directly and indirectly, solicited, diverted, and has taken away, or has attempted to solicit, divert, or take away the custom, business, and patronage of such customers, since leaving the services of the plaintiff, for himself; and since that date defendant has, for himself, engaged in the cleaning and pressing business, and has called for and delivered cleaning and pressing, directly and indirectly, in that portion of the city of Houston, Harris county, Tex., embraced in said contract."

In entering its decree the trial court, almost in the exact language of the quoted contract, enjoined appellant from doing the things he had therein agreed not to do for a period of two years from April 18, 1925, the date on which his service with appellee was terminated, requiring of the appellee a $5,000 bond, which was duly given.

The hearing on the appeal was advanced in this court on joint application of the parties, and has been heard here upon the record and briefs for both duly filed by them.

[1-3] After a careful consideration of the cause, we have concluded that the appeal cannot prevail, and that the appellee was a proper party to the suit, and entitled to the benefits of the contract; that it did not have a proper and adequate remedy at law; that the contract was based upon a valuable consideration, being neither in violation of the Anti-Trust Law nor an unreasonable restraint of trade; and that there is nothing in the record to show an abuse by the trial court of its proper discretion.

While there are some differences in the facts, in the principles of law ruling the case as a whole it is not dissimilar to that of the Parisian Live Dyers & Cleaners v. Springfield (No. 8801) 275 S. W. 1098, decided by this court by opinion filed June 24, 1925. That opinion and the authorities therein cited are referred to as also supporting this affirmance.

Here the contract, of which the abstention agreement was part and parcel, was one of employment, and the time fixed two years, while in the Springfield Case it was one for the sale of stock in the corporation, and the stipulated time was six months. On principle and under the authorities, as we read them, these divergent details constitute merely a distinction without a difference in legal effect. It is to be further noted, however, that in this instance the contract in direct words barred the appellant from doing for himself as well as any others the things he therein agreed not to do, thereby making unavailable to him the contention of appellee Springfield in the other case that his agreement did not cover the contingency of his becoming a proprietor. Indeed, the facts here showed that these two, along with others, formed and were operating the company engaged in the same business known as the "Houstonian Cleaners," which we think the trial court in this proceeding rightfully held to be such a violation of the appellee's contractual rights as justified the interposition of equity in its behalf.

As illustrating the varying applications of the general doctrine of reasonable restraint under which we think this cause comes, we repeat here the long list of authorities cited in appellee's brief, without of course holding all of them specifically authoritative: 13 Corpus Juris, pp. 468, 485; Eureka Laundry Co. v. Long, 146 Wis. 205, 131 N. W. 412, 35 L. R. A. (N. S.) 119; Srolowitz v. Roseman, 263 Pa. 588, 107 A. 322; Schlag v. Johnson (Tex. Civ. App.) 208 S. W. 369; Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079; Erwin

v. Hayden (Tex. Civ. App.) 43 S. W. 610; Patterson v. Crabb (Tex. Civ. App.) 51 S. W. 870; Wolff v. Hirschfeld, 23 Tex. Civ. App. 670, 57 S. W. 572; Barrows v. McMurty Mfg. Co., 165 Cal. 172, 131 P. 430; Freudenthal v. Espey, 45 Colo. 488, 102 P. 280; American Ice Co. v. Lynch, 74 N. J. Eq. 298, 70 A. 138; Owl Laundry Co. v. Banks, 83 N. J. Eq. 230, 89 A. 1055; Erie County Milk Ass'n v. Ripley, 18 Pa. Super. Ct. 28; Hoops Tea Co. v. Dorsey, 99 Ill. App. 181; Tillinghast v. Boothby, 20 R. I. 59, 37 A. 344; Sherman v. Pfefferkorn, 241 Mass. 468, 135 N. E. 568; Lumbermen's Trust Co. v. Title Ins. & Inv. Co., 248 F. 212, 160 C. C. A. 290; Malakoff Gin Co. v. Riddlesperger, 108 Tex. 273, 192 S. W. 530; Id. (Tex. Civ. App.) 194 S. W. 1182; Poon v. Miller (Tex. Civ. App.) 234 S. W. 573; Oates v. Leonard, 191 Iowa, 1004, 183 N. W. 462; Fambrough v. Townson, 204 Ala. 251, 85 So. 476; Keen v. Ross, 186 Ky. 256, 216 S. W. 605; Langever v. United Advertising Corp. (Tex. Civ. App.) 258 S. W. 856; Randolph v. Graham (Tex. Civ. App.) 254 S. W. 402; Legg v. Hood, 154 Ga. 28, 113 S. E. 642; Madson v. Johnson, 164 Wis. 612, 160 N. W. 1085; Heinz v. National Bank of Commerce, 237 F. 942, 150 C. C. A. 592; Dannel v. Sherman Transfer Co. (Tex. Civ. App.) 211 S. W. 297; Tobler v. Austin, 22 Tex. Civ. App. 99, 53 S. W. 706; Comer v. Burton Lingo Co., 24 Tex. Civ. App. 251, 58 S. W. 969; Crump v. Ligon, 37 Tex. Civ. App. 172, 84 S. W. 250; Hall Mfg. Co. v. Western Steel & Iron Works, 227 F. 588, 142 C. C. A. 220, L. R. A. 1916C, 620; Mills v. Ressler, 87 Kan. 549, 125 P. 58; Louisville, etc., v. Johnson, 133 Ky. 797, 119 S. W. 153, 24 L. R. A. (N. S.) 153; Walker v. Lawrence, 177 F. 363, 101 C. C. A. 417; Knowles v. Jones, 182 Ala. 187, 62 So. 514; Bloom v. Home Ins., 91 Ark. 367, 121 S. W. 293; Stewart v. Stearns, etc., 56 Fla. 570, 48 So. 19, 24 L. R. A. (N. S.) 649; Holtman v. Knowles, 141 Ga. 613, 81 S. E. 852; Busk v. Wolf & Co., 143 Ga. 18, 84 S. E. 63; Telford v. Smith, 186 Ill. App. 631; Skaggs v. Simpson (Ky.) 110 S. W. 251; Moorman & Givens v. Parkerson, 127 La. 835, 54 So. 47; Weickgenant v. Eccles, 173 Mich. 695, 140 N. W. 513; Morehead v. Way, 169 N. C. 679, 86 S. E. 603; Kuhns v. Loetzbier, 58 Pa. Super. Ct. 148; Fleckenstein Bros. v. Fleckenstein, 76 N. J. Law, 613, 71 A. 265, 24 L. R. A. (N. S.) 913; Styles v. Lyon, 87 Conn. 23, 86 A. 564; Wilson v. Delaney, 137 Iowa, 636, 113 N. W. 842; McConnell v. Camors, 140 F. 987, 72 C. C. A. 681; Sutton v. Head, 86 Ky. 156, 5 S. W. 410, 9 Am. St. Rep. 274; Angier v. Webber, 96 Mass. (14 Allen) 211, 92 Am. Dec. 748; Bullock v. Johnson, 110 Ga. 486, 35 S. E. 703; Hursen v. Gavin, 162 Ill. 377, 44 N. E. 735; Andrews v. Kingsburg, 212 Ill. 97, 72 N. E. 11; Downing v. Lewis, 59 Neb. 38, 80 N. W. 261; Herpolscheimer v. Funke, 1 Neb. (Unof.) 304, 95 N. W. 687; Bradford v. Montgomery, 115 Tenn. 610, 92 S. W. 1104, 9 L. R. A. (N. S.) 979; Merriman v. Cover, 104 Va. 428, 51 S. E. 817; Anderson v. Rowland, 18 Tex. Civ. App. 460, 44 S. W. 911; Turner v. Abbott, 116 Tenn. 718, 94 S. W. 64, 6 L. R. A. (N. S.) 892, 8 Ann. Cas. 150; Simmons Medicine Co. v. Simmons (C. C.) 81 F. 163; Webster v. Williams, 62 Ark. 101, 34 S. W. 537; Kimbro v. Wells, 112 Ark. 126, 165 S. W. 645; Wakenight v. Spear, 147 Ark. 342, 227 S. W. 419; Wolverton & Son v. Bruce, 6 Ind. T. 135, 89 S. W. 1018; Western District Warehouse Co. v. Hobson, 96 Ky. 550, 29 S. W. 308; Clabaugh v. Heibner (Mo. App.) 236 S. W. 396; Jackson v. Byrnes, 103 Tenn. 698, 54 S. W. 984; Wilkinson Bros. v. Ebbets, 103 Misc. Rep. 324, 170 N. Y. S. 1041; Printing and N. R. Co. v. Sampson, L. R. 19 Eq. 462.

Under these conclusions, the trial court's judgment should be affirmed; that order will be entered.

Affirmed.