762

## GROBER v. STRICK et al.
### No. 5646.

Circuit Court of Appeals, Third Circuit.
April 2, 1935.

Charles Silber and Silber & Silber, all of Newark, N. J., for appellant.

Lionel P. Kristeller, Jacob L. Newman, and Saul J. Zucker, all of Newark, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Abraham, Karl, and Sarah B. Strick, citizens of New York, filed a bill against Jacob Grober, a citizen of New Jersey, praying the latter be enjoined from violating a written agreement between the plaintiffs of one part and the defendant of the other. On final hearing, the court entered a decree against the defendant, who thereupon took this appeal.

There is no dispute about the facts. The plaintiffs were engaged in the laundry business, serving customers in New York City and the northern part of New Jersey, and hired the defendant. The contract of hiring recited, "the parties hereto acknowledge that the good-will, continued patronage and the list of names and addresses of its customers constitute the principal asset of the company—the same having been acquired through the outlay of considerable time, money and effort," and provided that defendant "will not for a period of three years after the end or termination of his employment, irrespective of the time, manner or cause of the said termination, directly or indirectly, either as principal, agent, employee, employer, stockholder, co-partner or in any other individual or representative capacity whatever, solicit, serve or cater to, or engage, assist, be interested in or connected with any other person, firm or corporation soliciting, serving or catering to any of the customers served by him or by any other employee of the company during his employment with the company."

Pursuant thereto, defendant worked as a solicitor, driver, and route salesman in four counties in the northern part of New Jersey, and, by virtue of his employment, became acquainted with the customers of the plaintiff in that section. After working for plaintiffs for some years, he severed his connection and set up a laundry business of his own in the territory he had worked, and persuaded plaintiffs' customers to stop the plaintiffs' service and become customers of his.

After due consideration, we are of opinion the court committed no error in enjoining defendant from violating his contract in the four New Jersey counties in which he had worked for the plaintiffs. We are also of opinion the contract was reasonable as to time and locality, and the decree was justified. See Sarco Co. v. Gulliver, 129 A. 399, 3 N. J. Misc. 641; Nachamkis v. Goldsmith, 101 N. J. Law, 356, 128 A. 238; Owl Laundry Co. v. Banks, 83 N. J. Eq. 230, 89 A. 1055.

After due consideration of all questions raised by defendant, we find no error in the court's decree, which is therefore affirmed.